UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE PATRICIA DAWSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 14-00018-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On January 14, 2014, Darlene Patricia Dawson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability and Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on April 25, 2014. On August 7, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff Darlene Patricia Dawson is a 53-year-old female who applied for Social Security Disability and Disability Insurance benefits and Supplemental Security Income benefits on October 27, 2010, alleging disability beginning February 3, 2005. (AR 11.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 3, 2005, the alleged onset date. (AR 13.)

Plaintiff's claims were denied initially on March 2, 2011 and on reconsideration on May 26, 2011. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Jennifer A. Simmons on August 30, 2012 in San Bernardino, California. (AR 11.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 11.) Vocational expert ("VE") Jack M. Dymond also appeared and testified at the hearing. (AR 11.) During the hearing, Plaintiff amended the alleged onset date to April 2, 2009. (AR 30.)

The ALJ issued an unfavorable decision on September 15, 2012. (AR 11-21.) The Appeals Council denied review on November 7, 2013. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ has properly considered the relevant medical evidence of record in assessing Plaintiff's residual functional capacity.
2. Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed her credibility.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

/ / /

/ / /

/ / /

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 3, 2005, the alleged onset date. (AR 13.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: rotator cuff tendonopathy with Impingement Syndrome of the right shoulder (status post surgery in May of 2012); chronic intermittent muscular ligamentous strain/sprain of the cervical spine and lumbar spine; early patellofemoral arthrosis of the right knee; and anemia. (AR 13-15.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 15.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in §§ 20 C.F.R. 404.1567(c) and 416.967(c) with the following limitations:

> . . . except frequently climb ramps and stairs; frequently balance, stoop, kneel, crouch, and crawl; frequently reach overhead with the upper right extremity; and use of the left upper extremity is unrestricted. Claimant is precluded from climbing ladders, ropes and scaffolds.

(AR 15-20.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a dishwasher, certified nursing assistant ("CNA"), caregiver, psych tech assistant, corrections specialist/inmate supervisor, and food service worker. (AR 20.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 20.)

///
///

5

**DISCUSSION**

The ALJ properly considered the medical evidence in determining Plaintiff's RFC and properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ improperly rejected the opinion of Dr. Vangsness. The Court disagrees and also finds that to the extent there was any error it was harmless.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not

inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.   Analysis**

Plaintiff alleges disabling pain in her back, neck, shoulder and knee. (AR 16-18.) The ALJ, however, assessed Plaintiff with a medium work RFC limited to frequently climb ramps and stairs, frequently balance, stoop, kneel, crouch and crawl, and frequently reach overhead with the upper right extremity while use of the left upper extremity is unrestricted. (AR 15.) The ALJ, based on VE testimony, found that Plaintiff

is capable of performing past relevant work as a dishwasher, certified nursing assistant, caregiver, psych tech, corrections specialist and food service worker. (AR 20.)

Plaintiff challenges the RFC assessed by the ALJ. She contends that the ALJ erred in her consideration of the October 28, 2009 workers' compensation qualified medical evaluation report of Dr. C. Thomas Vangsness, an orthopedic surgeon. (AR 360-371.) Dr. Vangsness set forth the following <u>temporary</u> work related limitations:

> <u>At this time</u> I do not want her to do any lifting, pushing, or pulling greater than 40 pounds with her back. I will allow her to grab, pull, or push up to 10 pounds with the right hand. Fine motion is appropriate for the work place, such as computer work.
>
> I am giving her no restrictions for the knee <u>at this time</u>.

(AR 370.) (Emphasis added.) Dr. Vangsness' preclusions would eliminate all the jobs identified by the VE except for the psych tech assistant occupation. (AR 46-47.) The other jobs require medium lifting of 50 pounds or more while the psych tech job is a light work job with lifting of but 20 pounds. (AR 20, 46-47.)

Workers' compensation disability ratings are not controlling in disability cases decided under the Social Security Act and the terms of art used in California workers' compensation proceedings are not equivalent to Social Security disability terminology. <u>Desrosiers v. Secretary of Health & Human Services</u>, 846 F.2d 573, 576 (9th Cir. 1988); <u>Macri v. Chater</u>, 93 F.3d 530, 544 (9th Cir. 1996); <u>Booth v. Barnhart</u>, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002); <u>see</u> <u>also</u> 20 C.F.R. § 404.1504. Under California workers' compensation guidelines, work capacity is not based on strength but on whether a claimant sits, stands or walks most of the day. <u>Desrosiers</u>, 846 F.2d at 576; <u>Booth</u>, 181 F. Supp. 2d at 1104-05. The categories of work under the Social Security Act "are measured quite differently. They are differentiated primarily in step increases in lifting capacities." <u>Desrosiers</u>, 846 F.2d at 576. Additionally, as the ALJ explained, "temporary total disability" is a term of art in workers' compensation law not relevant to Social Security disability determinations. (AR 19.) Nonetheless, an ALJ may not ignore a

physician's medical opinion from a workers' compensation proceeding.  Booth, 181 F. Supp. 2d at 1105.  The ALJ must "translate" terms of art contained in workers' compensation medical reports and opinions into corresponding Social Security terminology in order to assess that evidence for Social Security disability purposes.  Id. at 1106.  The ALJ need not be concerned with a physician's conclusions as to disability for workers' compensation purposes but cannot disregard a physician's findings, Coria, 750 F.2d at 247-48, and is "entitled to draw inferences logically flowing from the evidence."  Id.

Here, the ALJ did not ignore Dr. Vangsness' report.  The ALJ rejected Dr. Vangsness' disability statement because the record shows Claimant "did some household chores and could shop in the stores."  (AR 18.)  The ALJ also noted that Dr. Vangsness' opinion was not entitled to controlling weight on an issue reserved to the Commissioner.  (AR 18.)

The ALJ rejected Dr. Vangsness' opinion in part because of daily activities inconsistent with disabling impairments.  (AR 18.)  Household chores and shopping in stores do not necessarily contradict Dr. Vangsness' limitation to 40 pounds of lifting or use of the right hand.  The Court does not believe that such an attenuated reason is a specific, legitimate basis for rejecting Dr. Vangsness' limitation to 40 pounds lifting or pushing 10 pounds with the right hand.

The ALJ's other reason for rejecting Dr. Vangsness' limitations is that his opinion is not entitled to controlling weight.  (AR 18.)  This is a more compelling reason as the ALJ relied on the January 29, 2011 consulting orthopedic report of Dr. John Simmonds.  (AR 17-18, 239-243.)  Dr. Simmonds found Plaintiff able to move about the office freely without assistance and had a normal gait but painful range of motion in her right shoulder.  (AR 18.)  Her right knee had mild crepitus throughout the patellofemoral joint line, and painful range of motion of the neck and low back.  (AR 18.)  Dr. Simmonds diagnosed Claimant with rotator cuff tendonapathy with Impingement Syndrome of the right shoulder, chronic intermittent muscular ligamentous strain and sprain of the cervical

and lumbosacral spine and early patellofemoral arthrosis of the right knee. Nonetheless, Dr. Simmonds assessed RFC limitations of 50 pounds lifting, standing and walking six hours out of an eight hour day with no assistive device, and frequently perform postural activities. (AR 18.) Dr. Simmonds also found Claimant could engage in "gross manipulation primarily overhead activities . . . for the right upper extremity," and that "fine manipulation can be done without restriction for the right upper extremity." (AR 18.) The Court also must recognize that Dr. Vangsness' opinion, issued shortly after the amended onset date, concerns <u>temporary</u> limitations whereas Dr. Simmonds' opinion was issued two years later.

Plaintiff disputes the ALJ's interpretation of the medical evidence but the ALJ is the one responsible for resolving disputes in the medical evidence. <u>Andrews</u>, F.3d 853, 857 (9th Cir. 2001). Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

Even if there was error, moreover, it was harmless. Even accepting Dr. Vangsness' 40 pound lifting limitation, Plaintiff concedes that not all the jobs identified by the VE would be eliminated. Plaintiff still would be able to perform the psych tech job. (AR 46-47.) Thus, any error in the consideration of Dr. Vangsness' opinion, if there was one, was harmless. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008) (error harmless when inconsequential to the outcome).

**II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY**

Plaintiff contends that the ALJ erred in discounting Plaintiff's credibility. The Court disagrees.

**A. Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. <u>Bunnell</u>

v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B. Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Claimant's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 17.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC. (AR 17.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the objective medical evidence does not support the severity of Claimant's symptoms or establish disabling limitations. (AR 17-20.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the

ALJ gave great weight to Dr. Simmonds' RFC assessment and the opinions of the State agency medical consultants. (AR 49.) These opinions are generally consistent in that they all find Claimant able to work at a medium exertional level with some differences in specific functional limitations. Plaintiff, moreover, focuses on evidence from 2008 regarding her right knee but the ALJ noted that x-rays of Plaintiff's right knee on January 11, 2011 were negative. Also, Plaintiff made good progress following shoulder surgery in May 2012. (AR 18.) X-rays of the lumber spine in November 2011 were unremarkable. (AR 18.) Plaintiff asserts that her anemia requires her to lay down for four hours but there is no mention of fatigue or instruction to lay down in any medical opinion.

Second, the ALJ cited Plaintiff's conservative treatment in discounting Plaintiff's pain allegations. (AR 16-17.) Conservative treatment is a legitimate consideration in evaluating credibility. Parra, 481 F.3d at 750-51. Here, the ALJ noted Plaintiff went to physical therapy, took medications and did not use a brace for her knee. (AR 16-17.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, Plaintiff here continued to work from 2006 to 2009 after her alleged onset date of February 3, 2005. (AR 11, 13.) The ALJ may consider the fact that Claimant worked after an injury. Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001). Although the earnings did not rise to the level of substantial gainful activity that would have precluded disability (AR 13), the ALJ found that the work activity does indicate Claimant's activities have been greater than alleged. (AR 16.) Plaintiff attempts to sidestep her work activity by asserting that at the hearing she amended her alleged onset date to April 2, 2009, after all work activity had ended. Nonetheless, her ability to work after her initially alleged disability onset date of February 3, 2005 is not irrelevant in assessing her credibility.

Finally, the ALJ found that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell,

947 F.2d at 345-46. Here, the ALJ found Claimant performed household chores, made simple meals, attended to her own personal care, and does exercises and light housework. (AR 17.) She also went to church regularly. (AR 16.) While these activities do not necessarily prove Plaintiff can work, they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Again, it is the ALJ who is responsible for resolving ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 23, 2014
　　　　　　　　　　　　　　　　　　　　/s/ John E. McDermott
　　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE